IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GILBERTO VILLANUEVA,                                        PETITIONER
JR.

V.                                        CIVIL CASE NO. 3:19-cv-00455-DCB-JCG

WARDEN DAVID PAUL                                        RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [1] filed pro se by Petitioner Gilberto Villanueva, Jr., a federal inmate in the custody of the Federal Bureau of Prisons, confined at the Federal Correction Complex in Yazoo City, Mississippi. Villanueva challenges his conviction and sentence for felon in possession of a firearm based on the United States Supreme Court's decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019). Respondent, Warden D. Paul, has filed a Response in Opposition [16], and Petitioner a Reply [17]. Having considered the parties' submissions and applicable law, the undersigned recommends that Villanueva's § 2241 Petition be dismissed for lack of jurisdiction. Villanueva challenges the validity of a federal sentence and conviction and may not rely on § 2241 because he has not shown that the remedy available under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention.

## BACKGROUND

In 2016, before the United States District Court for the Southern District of Florida, Villanueva pleaded guilty and was sentenced to 180-months imprisonment for possession of firearms and ammunition by a convicted felon, in violation of 18

U.S.C. §§ 922(g) and 924(e)(1). 18 U.S.C. § 922(g) prevents certain categories of people – for example, previously convicted felons – from possessing a firearm. The sentence is enhanced to a mandatory minimum of 15 years' imprisonment if the individual has three previous convictions for a violent felony or serious drug offense, committed on occasions different from one another. 18 U.S.C. § 924(e).

Villanueva directly appealed the enhancement of his sentence, and the Eleventh Circuit Court of Appeals affirmed on March 26, 2018. *United States v. Villanueva,* 716 F. App'x 928, 929 (11th Cir. 2018). Villanueva then filed a 28 U.S.C. § 2255 petition in the United States District Court for the Southern District of Florida that was dismissed on January 4, 2019. *Villanueva v. United States*, No. 1:18-CV-61308-UU, 2019 WL 11718838 (S.D. Fla. Jan. 4, 2019). The United States Supreme Court decided *Rehaif v. United States,* 139 S. Ct. 2191, 2194 (2019) on June 21, 2019. On June 28, 2019, the Clerk of Court received Villanueva's instant 28 U.S.C. § 2241 Petition, which is premised on *Rehaif*.

In *Rehaif,* the Supreme Court addressed the word "knowingly" in 18 U.S.C. § 924(a)(2) as applied to 18 U.S.C. § 922(g) and held that "knowingly" applies to both the defendant's conduct and his status. *Rehaif,* 139 S. Ct. at 2194. Thus, to obtain a conviction under 18 U.S.C. § 922(g), the government must prove that the defendant knew that he possessed a firearm and that he knew he had the relevant prohibited status at the time. *Id.*

Villanueva argues that *Rehaif* applies retroactively to cases on collateral review and invalidates his conviction because "at no time did the government submit

2

to the court an allegation, or proof that I was a citizen who knew he was a convicted felon at the same instant of gun possession and knew I was therefore barred from the possession." [1] at 6. Villanueva contends that "he has been imprisoned for conduct neither alleged, charged, proven, or admitted" and "meets the actual innocence prong of the savings clause test." [2] at 4.

## DISCUSSION

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). In contrast, a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). But, relief under § 2255 is not "inadequate or ineffective" merely because the prisoner has filed a prior unsuccessful § 2255 motion or is unable to meet the requirements for filing a second or successive § 2255 motion. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir.

3

2000). Rather, the petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy provided in 28 U.S.C. § 2255 has been found to be ineffective or inadequate to test the legality of a petitioner's detention only where the prisoner is asserting a ground for review that: (1) is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *Reyes-Requena,* 243 F.3d at 904.

Neither the Supreme Court nor the Court of Appeals for the Fifth Circuit have addressed whether *Rehaif* applies retroactively to cases on collateral review. However, the Eleventh Circuit (where Villanueva was convicted) and this Court (where Villanueva is detained) have found that *Rehaif* is not retroactively applicable to cases on collateral review. See *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019); *United States v. Williams*, No. 1:18-CR-37-HSO-JCG-1, 2020 WL 7770906, at *5 (S.D. Miss. Dec. 30, 2020); *Palacios v. Warden, F.C.C. Yazoo City*, No. 3:19-CV-580-DCB-JCG, 2020 WL 7410153, at *2 (S.D. Miss. Oct. 22, 2020), report and recommendation adopted, 2020 WL 7409066 (S.D. Miss. Dec. 17, 2020); *Velez v. Paul*, No. 3:19-CV-478-DPJ-JCG, 2020 WL 6142433, at *2 (S.D. Miss. Sept. 28, 2020), report and recommendation adopted, 2020 WL 6142251 (S.D. Miss. Oct. 19, 2020).

Villanueva has furthermore not explained how *Rehaif* establishes that he may have been convicted of a nonexistent offense. The Second, Third, Sixth, and Eleventh Court of Appeals have denied a petitioner permission to file a second or successive § 2255 petition based on *Rehaif*, finding that *Rehaif* is a rule of statutory interpretation, not a new rule of constitutional law. *See Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020); *Mata v. United States*, 969 F.3d 91, 93 (2d Cir. 2020); *In re Palacios*, 931 F.3d at 1315; *In re Price*, 964 F.3d 1045, 1049 (11th Cir. 2020); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020).

"Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998). Villaneuva's presentencing report indicated that he had previously been convicted of possession with intent to distribute cocaine and distribution of cocaine, armed trafficking in cocaine, and delivery of cocaine. *Villanueva*, 2018 WL 11277425, at *4. In his objections to the presentencing report, Villanueva did not deny these previous convictions. *See Objections to Presentencing Report,* Doc. No. 85, in *United States v. Villanueva,* 0:16-cr-60102-UU-1 (S.D. Fla. closed Jan. 23, 2017). The notion that either Villanueva was unaware at the time of the offense, that he had been convicted of a felony, or that the government would have been unable to prove it, is unrealistic. Of note, Villanueva never actually argues in his § 2241 petition that he did not know he was a convicted felon at the time of the offense. Villanueva is arguing legal insufficiency, not actual innocence.

The Fifth Circuit has denied a *Rehaif* claim on direct appeal where the defendant pleaded guilty under § 922(g) before *Rehaif* was decided and did not make

a knowledge-of-status objection before the trial court. *United States v. Lavalais*, 960 F.3d 180 (5th Cir. 2020). The Fifth Circuit concluded there was no structural error, and plain error review applied, meaning the defendant must show the error prejudiced the outcome. *Id.* at 187. The Fifth Circuit concluded the defendant "cannot show how the *Rehaif* error affected his substantial rights – that is, he cannot demonstrate a 'reasonable probability, that but for [the error claimed], the result of the proceeding would have been different." *Id.* In so deciding, the Fifth Circuit provided:

> Demonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif*. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants." *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting).

*Id.* at 184.

Villanueva may not proceed under the savings clause of § 2255(e). Villanueva's Petition for relief pursuant to 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits. *Reed v. Young,* 471 F. App'x 284, 285 (5th Cir. 2012); *Pack,* 218 F.3d at 454.

## NOTICE OF RIGHT TO APPEAL

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intent to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fail to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the <u>28th</u> day of April, 2021.

s/ *John C. Gargiulo*

JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE